EDWARD HOUGHTON *vs.* JOHN WILSON.

A constable who arrests a debtor on execution and commits him to jail, but leaves no copy of the execution with the jailer, who therefore refuses to receive and detain him, cannot arrest him again on the same execution.

ACTION OF TORT for assault, battery and false imprisonment. At the trial in the superior court of Suffolk at November term 1856, it appeared that the defendant, a constable of the city of Boston, arrested the plaintiff on a writ of execution, and took him to the jail, but that the jailer refused to receive and detain the plaintiff, because the defendant had delivered to him no copy of the process under which the plaintiff was arrested ; and that subsequently the defendant again took the plaintiff to the jail and committed him. There was contradictory evidence whether the plaintiff went voluntarily to the jail with the defendant the second time to test the validity of the first arrest. *Abbott*, J. instructed the jury that if the second arrest and commitment were voluntarily submitted to by the plaintiff, he could not maintain the action ; but that if the plaintiff, although not resisting the officer, went to the jail against his will, and did not intend to waive his right to exemption from the second arrest, he was entitled to recover. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. L. Burt*, for the defendant, cited *Appleby* v. *Clark*, 10 Mass. 59 ; *Brown* v. *Getchell*, 11 Mass. 13 ; *Gage* v. *Graffam*, 11 Mass. 183 ; *Little* v. *Newburyport Bank*, 14 Mass. 443 ; *Lansing* v. *Fleet*, 2 Johns. Cas. 3 ; 3 Steph. N. P. 2025 ; *Sheriff of Essex's case*, Hob. 202 ; *Buxton* v. *Home*, 1 Show. 174 ; *Ravenscroft* v. *Eyles*, 2 Wils. 295 ; *Trevillian* v. *Roberts*, 1 Rol. Ab. 307.

*J. C. Park*, for the plaintiff.

DEWEY, J. The ruling that if the defendant had no legal right to make a second arrest of the plaintiff, and commit him to jail, yet if the arrest and commitment were voluntarily submitted to by the plaintiff, then he could not maintain the action,

was sufficiently favorable to the defendant. But that defence failed upon the facts, as was found by the jury.

The case then stood thus: The defendant, as a constable, had arrested the plaintiff and taken him to jail, and omitted to leave with the jailer any copy of the process by which he had been arrested, and under which he was to be detained a prisoner. Under these circumstances, when the prisoner was permitted to go at large without any commitment, it was an escape from the constable and not from the jailer, although the jailer refused to receive and detain him. In point of fact, he had not received him, and the escape by being permitted to go at large was an escape from the custody of the constable. It was also a voluntary escape, and being such, the same officer could not again arrest him on the same execution. By making such second arrest he became a wrongdoer, and, having committed him wrongfully, was properly held responsible for the arrest and the detention by virtue thereof.                    *Exceptions overruled.*